Gomez-Domingo v. Sessions

BIA
Verrillo, IJ
A202 010 520/519/518

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand eighteen.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

LUCRESIA GOMEZ-DOMINGO,
RICKY VELAZQUEZ-GOMEZ,
PRINCE VELAZQUEZ-GOMEZ,
> *Petitioners,*

v.                                          16-2669
                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:        Jon E. Jessen, Stamford, CT.

FOR RESPONDENT:         Jody Hunt, Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Joanna L. Watson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Lead petitioner Lucresia Gomez-Domingo and her sons Ricky Velasquez-Gomez and Prince Velasquez-Gomez, natives and citizens of Guatemala, seek review of a July 7, 2016, decision of the BIA affirming a March 9, 2016, decision of an Immigration Judge ("IJ") denying Gomez-Domingo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gomez-Domingo et al.*, Nos. A 202 010 520/519/518 (B.I.A. July 7, 2016), *aff'g* Nos. A 202 010 520/519/518 (Immig. Ct. Hartford Mar. 9, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"Where, as here, the BIA adopts the IJ's reasoning and offers additional commentary, we review the decision of the IJ as supplemented by the BIA." *Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007). We review the agency's factual findings for substantial evidence and its legal conclusions *de novo*. 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (holding that we "review *de novo* the legal determination of whether a group constitutes a

'particular social group'"); *Joaquin-Porras v. Gonzales*, 435 F.3d 172, 181 (2d Cir. 2006) (reviewing denial of CAT relief for substantial evidence).

**Asylum & Withholding of Removal**

To qualify for asylum or withholding of removal, an applicant must establish that "race, religion, nationality, membership in a particular social group, or political opinion" was or will be at least one central reason for the claimed persecution. 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). To constitute a particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014). "A particular social group cannot be defined exclusively by the claimed persecution, . . . it must be recognizable as a discrete group by others in the society, and . . . it must have well-defined boundaries." *Id.* at 232 (internal quotation marks omitted); *Paloka*, 762 F.3d at 195-97 (deferring to *M-E-V-G-*'s definition of social group).

The agency did not err in concluding that Gomez-Domingo failed to demonstrate membership in a cognizable social group. Her proposed social group—victims of gang extortion—

3

encompasses a large portion of Guatemala's population and lacks any boundaries, socially distinctive features, or common characteristics aside from the alleged persecution. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group.'"); *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) (explaining that "general crime conditions" do not constitute persecution on account of a protected ground).

Additionally, Gomez-Domingo's newly-formulated social group of women with children who live alone is unexhausted. *See Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 121-22 (2d Cir. 2007). Even were it exhausted, the proposed social group is contradicted by Gomez-Domingo's allegations that her brother was also targeted for extortion.

Finally, Gomez-Domingo's argument that her brother's 2003 murder amounted to psychological persecution is misplaced because she did not establish that her brother was targeted because of a protected ground, or that she was

4

or would be targeted on account of a family relationship. *See Melgar de Torres*, 191 F.3d at 313.

**CAT Relief**

To obtain CAT relief, an applicant must show that she is "more likely than not" to be tortured. 8 C.F.R. § 1208.16(c)(2). Torture is defined as severe pain and suffering "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Acquiescence, in turn, "requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7). The agency must consider "all evidence relevant to the possibility of future torture," including: "[e]vidence of past torture," evidence regarding the possibility of internal relocation, "[e]vidence of gross, flagrant, or mass violations of human rights," and "[o]ther relevant information regarding conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3).

Substantial evidence supports the agency's conclusion that Gomez-Domingo did not establish a likelihood of

torture or a likelihood that Guatemalan officials would acquiesce in any harm she faced from gang members. Gomez-Domingo was never physically harmed; her parents live an hour away (in the town where Gomez-Domingo grew up) and have not been harmed or threatened by any gang members; and she did not seek help from the police or provide any detailed testimony or corroboration that local police worked with the gang or turned a blind eye to gang violence. Given this lack of particularized evidence of torture or government acquiescence, the agency reasonably concluded that general country conditions evidence showing government corruption and impunity for gang violence were not enough to establish a likelihood of torture with government acquiescence. *See Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 158 (2d Cir. 2005) (denying petition where applicant "present[ed] no particularized evidence suggesting that she [was] likely to be subjected to torture"); *Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (alien must show a likelihood of torture in "[her] particular alleged circumstances").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court